UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBBIE DAVID BROWN HERNANDEZ,

    Plaintiff,

v.                                                                       CASE NO. 8:07-CV-1290-T-30TBM

CHRISS CASIO, et al.,

    Defendants.
_____/

# ORDER

THIS matter is before the Court *sua sponte* upon a review of the case file. Plaintiff, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a civil rights complaint (Dkt. 1). On September 17, 2007, the Court dismissed the case for Plaintiff's failure to either pay the filing fee or request to proceed *in forma pauperis* within thirty days of the commencement of the action (Dkt. 4). On March 4, 2008, the Court granted Plaintiff's motion for reconsideration, re-opened this case to active status, and instructed Plaintiff to either pay the filing fee or submit an affidavit of indigency requesting leave to proceed *in forma pauperis* in this action within thirty days from the date of the order (Dkt. 15). To date, Plaintiff has not paid the filing fee nor completed and returned the affidavit of indigency which the Clerk provided to him.

Plaintiff is reminded that although he is appearing *pro se*, he is required to comply with all orders of this Court, the Local Rules of the Middle District of Florida, and the

Federal Rules of Civil Procedure. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989). Although the Court reads pleadings filed by *pro se* plaintiffs in a liberal fashion, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"), any litigant who fails to comply with a Court order or other judicial deadline may face sanctions, including dismissal of the claim. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines.").

**ACCORDINGLY**, the Court **ORDERS** that:

1. Plaintiff shall, within **TWENTY (20) DAYS** from the date of this Order, show cause why this matter should not be dismissed for failure to comply with the Court's March 4, 2008 Order.

2. Failure to comply with this Order within the allotted time shall result in the **dismissal** of this action **without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on May 1, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copies furnished to</u>:
*Pro Se* Plaintiff

2